IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CV-52-D

| | | |
|---|---|---|
| CHANEL N. HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| COMMUNITY ALTERNATIVES, | ) | |
| | ) | |
| Defendant. | ) | |

On January 6, 2011, Chanel N. Harris ("plaintiff" or "Harris") filed suit against VOCA Corporation of North Carolina, d/b/a Community Alternatives North Carolina I ("Community Alternatives" or "defendant"). Harris (who is proceeding pro se) seeks relief under Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e et seq.), 42 U.S.C. § 1981, the Americans with Disabilities Act ("ADA") (42 U.S.C. § 12101 et seq.), and North Carolina common law. Specifically, Harris contends that Community Alternatives terminated her employment on May 1, 2007, due to her race (which she describes as a "Black American Indian"), color, and disability. On February 3, 2011, Community Alternatives removed the action to this court [D.E. 1] and moved to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure [D.E. 5]. Community Alternatives argues that the Title VII, ADA, and North Carolina common law claims are time barred [D.E. 6].

In analyzing a motion to dismiss for failure to state a claim upon which relief can be granted, a court must determine whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56, 563 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010);

Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc); Kloth v. Microsoft Corp., 444 F.3d 312, 319 (4th Cir. 2006); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions drawn from the facts. Iqbal, 129 S. Ct. at 1949–50; Coleman, 626 F.3d at 190; Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009). Similarly, a court need not accept as true "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302; see Iqbal, 129 S. Ct. at 1949–50. Furthermore, a court may consider "documents incorporated into the complaint by reference, and matters of which the court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

Under Title VII and the ADA, a person must file an EEOC charge within 180 days of the adverse employment action at issue in the complaint. See 42 U.S.C. § 2000e–5(e)(1); 42 U.S.C. § 12117(a); Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 110–15 (2002); EEOC v. Commercial Office Prods. Co., 486 U.S. 107, 110 (1988); Williams v. Giant Food Inc., 370 F.3d 423, 428 (4th Cir. 2004); Bryant v. Bell Atl. Md., Inc., 288 F.3d 124, 132 (4th Cir. 2002); McCullough v. Branch Banking & Trust Co., 35 F.3d 127, 131 (4th Cir. 1994); Bratcher v. Pharm. Prod. Dev., Inc., 545 F. Supp. 2d 533, 539–43 (E.D.N.C. 2008). Here, Harris attached her EEOC charge to her complaint and it states that she was fired on May 1, 2007, but did not file her EEOC charge concerning her termination until August 3, 2010. Harris also attached the EEOC's August 6, 2010 dismissal to her complaint, and the dismissal states that the EEOC dismissed the EEOC charge as untimely. In light of Harris's failure to meet the 180-day deadline, the court dismisses her Title VII and ADA claims as untimely. See, e.g., Morgan, 536 U.S. at 110–15; McDougal-Wilson v. Goodyear Tire & Rubber Co., 427 F. Supp. 2d 595, 606 n.3 (E.D.N.C. 2006).

2

As for the timeliness of Harris's section 1981 race discrimination claim, the statute of limitations is four years. See 28 U.S.C. §1658; Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 383–84 (2004). Thus, because Harris filed suit within four years of her May 1, 2007 discharge, the court declines to dismiss plaintiff's section 1981 race discrimination claim as untimely.

As for the timeliness of Harris's North Carolina wrongful discharge in violation of public policy claim, the statute of limitations is three years. See, e.g., Hall v. Tyco Int'l, Ltd., 223 F.R.D. 219, 250 (M.D.N.C. 2004); Renegar v. R.J. Reynolds Tobacco Co., 145 N.C. App. 78, 79, 549 S.E.2d 227, 229 (2001). Accordingly, because Harris filed suit more than three years after her May 1, 2007 discharge, the court dismisses her North Carolina wrongful discharge in violation of public policy claim as untimely.

Finally, the court addresses whether Harris has stated a claim upon which relief can be granted under 42 U.S.C. § 1981. In Coleman, the Fourth Circuit applied Iqbal and Twombly, and held that although "a plaintiff is not required to plead facts that constitute a prima facie case in order to survive a motion to dismiss, factual allegations must be enough to raise a right to relief above the speculative level." Coleman, 626 F.3d at 190 (alteration, citation, and quotation omitted). As in Coleman, Harris conclusorily alleges that she was terminated based on her race, but the complaint "does not assert facts establishing the plausibility of that allegation." Id. at 191. Essentially, the complaint alleges that Harris received "great evaluations" as a support specialist at a group home (Compl. ¶ 10), but that her "Black-dark skin" group home manager "discharged [her] because of [her] work ethics [sic]." Compl., EEOC Charge. Harris also claims that her discharge was due to her skin color, due to her having attended a historically black college, and that similarly situated white employees were not treated in the same manner. See Compl. ¶¶ 18–21, EEOC Charge.

3

The mishmash of allegations in the complaint fails to establish a plausible basis for believing that Harris was similarly situated with a white employee or that race was the true basis for her termination. See Coleman, 626 F.3d at 191. Accordingly, Harris has failed to state a claim under section 1981.

In sum defendant's motion to dismiss [D.E. 5] is GRANTED. Plaintiff's Title VII, ADA, and North Carolina common law claims are DISMISSED with prejudice as untimely. Plaintiff's section 1981 claim is DISMISSED without prejudice. Plaintiff may file an amended complaint with the requisite detail and plausible allegations not later than June 10, 2011. Finally, plaintiff's motions [D.E. 9, 12] to hold the North Carolina Employment Security Commission in contempt are DENIED.

SO ORDERED. This 26 day of May 2011.

JAMES C. DEVER III
United States District Judge